

**STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

To: New Lawsuit
For Further Assignment

April 25, 2008

Trustgard Insurance Company
P O Box 1218
Columbus, OH  43216
NAIC # 40118

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7007 2680 0001 2097 8216
Cashier # 2803

Re: Robert Stricklin  V.  Trustgard Insurance Company

   Docket # 5935

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Complaint was served on me on April 24, 2008 by Robert Stricklin pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Mc Nairy County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Mc Nairy County
    300 Industrial Park Drive
    Selmer, Tn  38375

**COPY FOR DEFENDANT**

## IN THE CIRCUIT COURT OF MCNAIRY COUNTY, TENNESSEE

ROBERT STRICKLIN,

    PLAINTIFF,

VS-

TRUSTGARD INSURANCE COMPANY,

    DEFENDANT,

To: New Lawsuit
For Further Assignment

CIVIL SUMMONS

NO. 5935

TO BE SERVED THROUGH THE COMMISSIONER OF INSURANCE

---

To the above named defendant(s):

TRUSTGARD INSURANCE COMPANY
P.O. Box 1218
Columbus, Ohio 43216-1218

TRUSTGARD INSURANCE COMPANY
650 South Front Street
Columbus, Ohio 43206

You are hereby summoned and required to serve upon Terry Abernathy, Plaintiff's attorney, whose address is P.O. Box 441, Selmer, Tennessee, 38375, an Answer to the Complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the Answer with this court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued and tested this 19th day of April, 2008.

    _Ronnie Brooks_
    CLERK/DEPUTY CLERK

---

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim any property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### RETURN ON SERVICE OF SUMMONS

I received this summons on the _____ day of _____, 20_____.

I hereby certify and return that on the _____ day of _____, 20_____, I

[ ] served this summons and a complaint on defendant _____ in the following manner: _____

[ ] failed to serve this summons within 30 days after its issuance because: _____

---

SHERIFF/PROCESS SERVER

(Address) _____

FILED DATE 4-19-08
TIME 1:55
RONNIE BROOKS, CLERK

COPY FOR DEFENDANT

## IN THE CIRCUIT COURT OF MCNAIRY COUNTY, TENNESSEE

| | |
|---|---|
| ROBERT STRICKLIN, | : |
| PLAINTIFF, | : |
| VS. | : NO. 5935 |
| TRUSTGARD INSURANCE COMPANY, | : |
| DEFENDANT, | : |

## COMPLAINT

Comes now the Plaintiff, and sues the Defendant, Trustgard Insurance Company, and, for cause of action, he would allege as follows:

1.

That at all times material herein, the Plaintiff was a citizen and resident of McNairy County, Tennessee, and he was the owner of certain real property and the improvements thereon situate in McNairy County, Tennessee, and that said property and the improvements thereon were the personal residence of the Plaintiff.

2.

That at all times material herein, the Defendant insurance company was a foreign corporation doing business in the State of Tennessee and was duly authorized to carry on the business of insuring against loss or damage to property by fire in the State of Tennessee.

3.

That in and by its certain Standard Homeowner Policy, duly executed and delivered to the

COPY FOR DEFENDANT

FILED DATE 4-19-08
TIME 1:55 p
RONNIE BROOKS, CLERK

Plaintiff, the Defendant insurance company, in consideration of premiums paid by the Plaintiff, insured the Plaintiff against all loss or damage by fire on the above identified property, the improvements thereon, and the contents thereof.

4.

That in and by the said Standard Homeowner Policy, the Defendant insurance company contracted and agreed to insure the above identified property and the improvements thereon, against loss by fire, with certain stated limits of liability; and further undertook to insure the contents of the Plaintiff's residence, against loss by fire, with certain stated limits of liability.

5.

That on or about September 8, 2006, the insured property, consisting primarily of a dwelling house and the contents therein, were destroyed, or damaged or rendered virtually worthless by a fire of unknown origin, and that on said date the above mentioned Standard Homeowner Policy was in full force and effect.

6.

That the Defendant insurance company was given due and proper notice of the above mentioned loss by fire, and the Plaintiff has duly performed all the conditions required by the applicable contract of insurance on his part to be performed, and the Plaintiff has further cooperated with the Defendant insurance company in all respects and has fully complied with all of the Defendant insurance company's reasonable and proper requests. After his subsequent compliance of all policy conditions, the Defendant insurance company has failed and refused to fully honor the involved contact of insurance and has failed and refused to pay the Plaintiff all of the insurance

benefits to which he is entitled.

7.

The Plaintiff would further state and show unto the Court that, by a letter from the Defendant insurance company to the Plaintiff's attorney, the Defendant insurance company advised this Plaintiff, among other things, that the Defendant insurance company was denying the claim of the Plaintiff arising out of the involved fire loss. The envelope that contained the referenced letter bears a postmark of April 20, 2007, and was received by the Plaintiff's attorney a few days subsequent thereto.

8.

WHEREFORE, the Plaintiff sues the Defendant insurance company for the applicable limits of liability as stated in the contract of insurance, together with pre-judgment interest on all sums owed to the Plaintiff.

9.

The Plaintiff demand a jury to try the issues of this cause.

TERRY ABERNATHY   #008542
Attorney for Plaintiff
P.O. Box 441
Selmer, TN 38375
(731) 645-6163

**COST BOND**

I am surety for the costs of this cause.

TERRY ABERNATHY



FIRST CLASS

7007 2680 0001 2097 8216

E OF TENNESSEE
COMMERCE AND INSUR
ROBERTSON PARKWAY
E, TENNESSEE 37243

TRUSTGARD INSURANCE COMPANY 4/25/08
P O BOX 1218
COLUMBUS, OH 43216